# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO._____-CIV-_____/___

**0 9 - 6 0 3 7 7**

WILLIE G. ARRINGTON, an individual on
behalf of himself and all others similarly
situated,

**CIV-COHN**

Plaintiff,

**MAGISTRATE JUDGE
SELTZER**

vs.

UNITED AUTO CREDIT CORPORATION,
A California corporation,

Defendant

FILED by_____D.C.
INTAKE

MAR 1 1 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

---

## DEFENDANT UNITED AUTO CREDIT CORPORATION'S
## NOTICE OF REMOVAL

TO:     The Judges/Clerk of the United States District
Court for the Southern District of Florida

PLEASE TAKE NOTICE that defendant United Auto Credit Corporation ("UACC") hereby

removes the above-entitled civil action from the Circuit Court for the Seventeenth Judicial Circuit, in

and for Broward County, Florida to the U.S. District Court for the Southern District of Florida,

pursuant to 28 U.S.C §§1332, 1441, 1446, and 1453(b).  In support of removal, UACC alleges as

follows:

1.  On February 5, 2009, plaintiff Willie G. Arrington, on behalf of himself and

purportedly on behalf of all others similarly situated, filed a Complaint against UACC in Broward

County Circuit Court, Case No. 09-007293 (12).

2.  The Summons and Complaint were served on UACC (the only defendant in this case)

on February 9, 2009.  (A true and correct copy of the Summons, Complaint, and Return of Service

are attached hereto as Exhibit A.) In addition, Plaintiff has served discovery on Defendant (A true and correct copy of the interrogatories and request for production are attached hereto as Exhibit B) No other pleadings or papers have been filed with that Court. Plaintiff demanded trial by jury in the Complaint.

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds the sum or value of $5,000.000, exclusive of interest and costs.

## DIVERSITY JURISDICTION

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332(d)(2), and removal is proper under 28 U.S.C. §1453(b).

5. The Complaint alleges a purported class "composed of all Florida residents" who, since June 12, 2008, have or had a retail installment sales contract ("RISC") held by UACC, had their motor vehicle repossessed, and did not receive an "explanation" of the deficiency amount owed in the manner required by the UCC. (*See* Complaint ¶ 36) The Complaint also states that this class numbers are "at least in the hundreds" which satisfies the requirement of at least 100 class members under 28 U.S.C. §1332(d)(5). (*See* Complaint ¶ 35)

6. The citizenship of at least one defendant (in this case, the sole defendant) is different from the citizenship of Plaintiff, which satisfies the requirement of 28 U.S.C. §1332(d)(2)(A). It appears from the face of the Complaint that Plaintiff is, and was at the time of the institution of this civil action, a citizen of the State of Florida. (*See, e.g.,* Complaint ¶ 8) UACC is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of California with its principal place of business in the State of California.

2

UACC is, therefore, a citizen of the State of California.  UACC is not a State, state official or governmental entity.

7.   This Notice of Removal is timely filed within thirty (30) days of Defendant's receipt of an "other paper" -- specifically, a demand letter dated March 9, 2009 received after the Complaint was filed -- establishing that the amount in controversy exceeds the federal jurisdictional minimum.[1] (*See* 28 U.S.C. §1446(b)).  A case becomes removable if a defendant receives some "other paper" from which it can be ascertained that the federal jurisdictional requirements are met, at which time the defendant has 30 days to remove the case to federal court. *See Addo v. Globe Life and Accident Inc. Co.*, 230 F.3d. 759 (5th Cir. 2000)(a post-complaint demand letter recognized as "other paper" for purposes of the removal statute).

8.   Based upon this post-complaint demand letter, Defendant has ascertained that the amount in controversy in this action exceeds the sum or value of $5,000,000 which satisfies the requirements in 28 U.S.C. §1332(d)(2).  (*See* Declaration of Greg Brawley attached as Exhibit C) As described in the Complaint and the Brawley Declaration, the purported class consists of all Florida residents who since June 12, 2008 had a retail installment agreement held by UACC, had their car repossessed by UACC or its agents in Florida, and to whom UACC failed to send a proper "explanation" of the deficiency owed. (Brawley Declaration at ¶ 6; Complaint ¶ 36)  As set forth in the Brawley Declaration, Plaintiff seeks damages on behalf of the putative class -- in excess of the federal jurisdictional minimum -- comprised of statutory damages, waiver of deficiencies, and other economic damages. (*See* Brawley Declaration at ¶ 6)  If Arrington were to succeed, the total amount of the deficiencies at issue for the putative class would exceed $5,000,000. (*See* Brawley Declaration

---

[1] This Notice of Removal is also filed within 30 days after Defendant's receipt of the Summons and Complaint.

at ¶¶ 7 and 8)

9. Because the amount in controversy exceeds $5,000,000 in the aggregate and the parties are completely diverse, this Court has diversity jurisdiction over Plaintiff's action.

10. Venue for the purpose of removal is proper in this District because the Southern District of Florida includes the county where the above action is pending.

11. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, and written notice of removal is being provided to Plaintiff.

12. UACC reserves all claims and defenses.

13. The prerequisites for removal under 28 U.S.C. §1453(b) have been met. If any questions arise as to the propriety of the removal of this action, UACC requests the opportunity to present a brief and oral argument.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by facsimile and U.S. Mail this <u>11th</u> day of March, 2009 to: Robert W. Murphy, Esquire, 1212 SE 2nd Avenue, Fort Lauderdale, Florida 33316.

SEDGWICK, DETERT, MORAN & ARNOLD LLP
Attorneys for Defendant
2400 East Commercial Boulevard, Suite 1100
Fort Lauderdale, FL 33308
Telephone: (954) 958-2500
Facsimile: (954) 958-2513

By: _____
JOHN R. HARGROVE
Florida Bar No.: 173745
john.hargrove@sdma.com
CRISTINA M. PIERSON
Florida Bar No.: 0984345
cristina.pierson@sdma.com

4

MF
#312
D2 0909
12:30 M

IN THE CIRCUIT COURT, OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

09 0 0 7 2 9 3

WILLIE G. ARRINGTON, an individual, etc.,

    Plaintiff,

vs.

UNITED AUTO CREDIT CORPORATION,
a California corporation,

    Defendant.

_____/

**CLASS REPRESENTATION** **12**

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant, UNITED AUTO CREDIT CORPORATION, a California corporation, by serving: Registered Agent, NRAI Services, Inc., 2731 Executive Park Drive, Suite 4, Weston, FL 33331. Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, whose name and address is: Robert W. Murphy, Esquire, 1212 S.E. 2nd Avenue, Ft. Lauderdale, Florida 33316; (954) 763-8660, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on the Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

    WITNESS my hand and the seal of this Court on this ___ day of February, 2009.

FEB 05 2009

        HOWARD C. FORMAN
        Clerk of Circuit Court

        By:_____

ANGEL HARRIS

As Deputy Clerk

A TRUE COPY
Circuit Court Seal

(see reverse side for Spanish and French versions)


EXHIBIT
"A"

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

WILLIE G. ARRINGTON, an individual,
on behalf of himself and all others similarly
situated,

09 00 72 93

        Plaintiff,

                                            **12**

vs.                                 **CLASS REPRESENTATION**

UNITED AUTO CREDIT CORPORATION,
a California corporation,

        Defendant.

A TRUE COPY

FEB 05 2009

HOWARD C. FORMAN
CLERK OF THE CIRCUIT COURT
BROWARD COUNTY, FL.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

        Plaintiff, Willie G. Arrington, an individual ("Mr. Arrington" or "Class Representative"),

sues Defendant, United Auto Credit Corporation, a California corporation ("United Auto"), and

alleges:

### INTRODUCTION

        1.      This class action seeks injunctive and monetary relief to redress unlawful practices

by United Auto with respect to the unlawful repossession procedures and collection activities

directed to Florida consumers.

        2.      United Auto is a sub-prime auto lender that makes high interest rate loans to

Florida consumers operating on the thinnest of economic margins.

        3.      United Auto made a car loan to Mr. Arrington — at the predatory rate of 24%—

and later repossessed his car when he was unable to make timely payments.

-1-

4. As more particularly described below, United Auto sent to the Class Representative and hundreds of other Florida consumers a form post-repossession notice which failed to disclose consumer rights required by the Uniform Commercial Code ("UCC").

5. United Auto failed to send to the Class Representative and hundreds of other Florida consumers from whom it sought a deficiency after sale an "explanation" of the calculation of the deficiency in the manner required under Florida Statute §679.616 of the UCC.

6. United Auto attempted to collect and reported unpaid deficiencies on the consumer reports of the Class Representative and the Class Members in a manner not authorized or permitted under Florida law.

7. The Class Representative brings this action on behalf of himself and a class of all other similarly situated consumers. The Class Representative seeks injunctive relief and an award of statutory damages as provided for under Florida law, and such other and further relief as this Court may deem appropriate.

### PARTIES

8. At all times material hereto, the Class Representative was *sui juris* and a resident of Broward County, Florida.

9. Plaintiff, United Auto, is a California corporation doing business in Broward County, Florida.

10. At all times material hereto, United Auto was engaged in the business of providing financing to purchasers of used automobiles in the State of Florida, including Broward County, Florida.

-2-

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### *Details Concerning Repossession*

11.     On or about November 17, 2004, Mr. Arrington entered into a retail installment sale contract ("Arrington RISC").

12.     Mr. Arrington has attached hereto and incorporated herein by reference as Exhibit "A" a true and correct copy of the Arrington RISC.

13.     Pursuant to the Arrington RISC, Mr. Arrington financed the purchase of a used 2001 Mercury Mountaineer automobile, VIN: 4M2ZU66P21UJ10992 ("Arrington Vehicle").

14.     The Arrington RISC was subsequently assigned to United Auto for unknown consideration.

15.     As a result of unexpected financial circumstances, Mr. Arrington became delinquent in the timely payment of his monthly installments under the Arrington RISC.

16.     Commencing in the first part of November, 2008, United Auto through its collection employee(s) made repeated telephone calls to Mr. Arrington at his place of employment and personally visited the place of employment of Mr. Arrington for the purpose of obtaining payment on the Arrington RISC.

17.     On or about November 24, 2008, United Auto repossessed the Arrington Vehicle.

18.     On or about December 26, 2008, United Auto sent or caused to be sent to the Class Representative a notice, known more commonly in the auto finance industry as a "notice of deficiency" ("Arrington Deficiency Notice").

19.     A true and correct copy of the Deficiency Notice is attached hereto and incorporated herein by reference as Exhibit "B."

-3-

### *Description of UCC Non-Compliance*

20.   By sending the Arrington Deficiency Notice to the Class Representative, United Auto failed to send the Class Representative an "explanation" of the calculation of the deficiency before it sought to collect it in the manner required by Florida Statute §679.616(2)(a).

21.   The Arrington Deficiency Notice failed to comply with the requirements of Florida Statute §679.616 in that the Arrington Deficiency Notice failed to provide the following **in the order mandated by the Florida Statute §679.616(3):**

- the aggregate amount of obligations secured by the security interest under which the disposition was made, and, if the amount reflects a rebate of unearned interest or credit service charge, an indication of that facts, calculated as of a specified date:

     If the secured party takes or receives possession of the collateral after default, not more than 35 days before the secured party takes or receives possession; or (2) If the secured party takes or receives possession of the collateral before default or does not take possession of the collateral, not more than 35 days before the disposition;

- The amount of proceeds of the disposition;

- The aggregate amount of the obligations after deducting the amount of proceeds;

- The amount, in the aggregate or by type, and types of credits, including expenses of retaking, holding, preparing for disposition, processing, and disposing of the

collateral, and attorney's fees secured by the collateral which are known to the

secured party and relate to the current disposition;

- The amount, in the aggregate or by type, and types of credits, including rebates of

  interest or credit service charges, to which the obligor is known to be entitled and

  which are not reflected in the amount required to be disclosed in Florida Statute

  §679.616(3)(a); and

- The amount of the surplus or deficiency.

22.     On information and belief, the Class Representative alleges that since at least

February 6, 2004 to the present, United Auto has failed to send Florida consumers from whom it

sought to collect a deficiency an "explanation" of the calculation of such deficiency in the manner

required by Florida Statute §679.616(2)(a) and (b). The Class Representative further alleges that

United Auto's failure to send to him and class members the "explanation" of deficiency mandated

by Florida Statute §679.616(2)(a) and (b) is part of a pattern, or consistent with a practice, of

noncompliance with that statute.

### *Collection and Reporting of Unlawful Deficiency Debt*

23.     Florida Statutes §516.31(3), known more commonly as the "Florida Anti-

Deficiency Statute" ("Florida Anti-Deficiency Statute"), provides in pertinent part:

> (3) Limitations on Deficiency Claims - If a creditor takes possession of property
> which was collateral under a consumer credit transaction, the consumer shall not
> be personally liable to the creditor for any unpaid balance on the obligation unless
> the unpaid balance of the consumer's obligation at the time of default was $2,000
> or more. When the unpaid balance is $2,000 or more, the creditor shall be entitled
> to recover from the consumer the deficiency, if any, resulting from deducting the
> fair market value of the collateral from the unpaid balance due. In the proceeding
> for a deficiency, the fair market value of the collateral should be a question for the
> trier of fact. Periodically published trade estimates of the retail value of the goods

shall, to the extent they are recognized in a particular trade or business, be presumed to be the fair market value of the collateral.

24.     At the request of counsel for Mr. Arrington as part of the due diligence of Plaintiff, United Auto sent or caused to be sent to counsel for Mr. Arrington a detailed account history for the Arrington RISC ("Arrington Account History").

25.     A true and correct copy of the Arrington Account History is attached hereto and incorporated herein by reference as Exhibit "C."

26.     Pursuant to the Arrington Account History, contrary to the requirements of the Florida Anti-Deficiency Statute, United Auto did not use the fair market value of the vehicle to calculate the deficiency balance it is collecting or attempting to collect from the Class Representative, in violation of Florida Statutes §516.31 of the Florida Anti-Deficiency Statute.

27.     On information and belief, United Auto claims, attempts or threatens to enforce deficiencies against consumers such as the Class Representative without determining the deficiency based upon the fair market value of the collateral, i.e. the repossessed vehicle, in a manner which is contrary to the Florida Anti-Deficiency Statute.  Rather, United Auto calculates deficiencies based on the amount of the alleged debt owed by the consumer, together with any authorized charges and expenses, less the proceeds from the sale of the repossessed vehicle.

28.     By information and belief, in addition to the unlawful collection or attempt to collect deficiency balances from consumers, United Auto has maintained a practice and policy of reporting to the three national consumer reporting agencies, to wit: Equifax Credit Information Services, Inc., Experian, Inc., and TransUnion, LLC (hereinafter referred to collectively as the "CRAs") derogatory information concerning the Class Representative and the members of the class which failed to account for the statutory directive of the Florida Anti-Deficiency Statute

-6-

and/or the set-off for statutory damages under the U.C.C. described herein.

## CLASS REPRESENTATION ALLEGATIONS

### *Statement of Maintainable Class Claims*

29.     Pursuant to Rule 1.220(c)(2)(A), Florida Rules of Civil Procedure, this is a case

maintainable on a class-wide basis pursuant to Rule 1.220(b)(2) and (b)(3), Florida Rules of Civil

Procedure, and the Class Representative brings this action on behalf of himself and of a class of

all other persons similarly situated, to remedy the ongoing unfair, unlawful, and/or deceptive

business practices alleged herein, and seeks redress on behalf of all those persons who have been

harmed thereby.

### *Identification of Common Questions of Law or Fact*

30.     Pursuant to Rule 1.220(c)(2)(B), Florida Rules of Civil Procedure, there

are questions of law and fact common to the Class, which common issues predominate over any

issues involving owing individual class members.

31.     The factual question common to the Class Representative and each class member

is that each was sent a letter in the form of Exhibit "B" and has been subject to unlawful

collection and credit reporting activity described above.

32.     Pursuant to Rule 1.220(c)(2)(B), Florida Rules of Civil Procedure, the principal

legal questions common to the Class Representative and to each member of the Class:

> (a)  whether United Auto provided an "explanation" of the calculation of the
>
> deficiency in the manner required by Florida Statute §679.616; and
>
> (b) whether United Auto collected or attempted to collect or reported to the CRAs
>
> deficiencies in an amount contrary to the requirements of the Florida Anti-

Deficiency Statute and which did not take into account a set-off for statutory

damages under the U.C.C.

### *Allegations of Typicality*

33.     Pursuant to Rule 1.220(c)(2)(C), Florida Rules of Civil Procedure, the Class

Representative's claims are typical of those of the classes they seek to  represent in that the Class

Representative was sent a form notice in the form of Exhibit "B." As such, the claims of the Class

Representative are identical to that of the class members.

### *Allegations of Numerosity*

34.     In the auto finance industry in Florida, similar finance companies experience a

default rate of 3% to 5% of their portfolios. See, <u>generally,</u> S. Agarwal and B. Ambrose,

*Household Credit Usage (2007).* Based on the best due diligence and the experience of Class

Counsel, the Class Representative believes that United Auto repossessed several hundred vehicles

in a fiscal year. <u>See,</u> *"NAF Association: Non-Prime Delinquencies Grow,"* Sub-Prime Auto

Finance News (August 16, 2007); <u>Garcia v. United Auto Credit Corp.,</u> 2008 WL 141579 (S.D.

Fla. 2008)[UCC action ("Garcia Class Action") against Defendant for defective repossession

notices involving a settlement class of approximately 3,000 persons].

35.     Based on the foregoing, the prospective class numbers are at least in the hundreds

and are so numerous that joinder of all members would be impractical. The exact size of the

proposed classes and the identity of the members thereof are readily ascertainable from United

Auto's business records.

### *Definition of Class*

36.     Pursuant to Rule 1.220(c)(2)(D)(ii), Florida Rules of Civil Procedure, the class is

-8-

composed of all Florida residents who, since June 12, 2008[1]:

    (a)    have or had a retail installment sales contract ("RISC") held by United

           Auto; and

    (b)    had their motor vehicle repossessed in Florida by United Auto or its agents;

           and

    (c)    who have not obtained a discharge in bankruptcy applicable to any such

           RISC; and

    (d)    to whom United Auto failed to send an "explanation" of the calculation of

           the deficiency in the manner required by the Uniform Commercial Code.

### *Adequacy of Class Representative*

37.    Pursuant to Rule 1.220(c)(2)(D)(iii), Florida Rules of Civil Procedure, the Class Representative will fairly and adequately protect and represent the interest of each class member. The Class Representative has retained counsel with substantial experience in handling class actions in federal and state court. See, e.g., Martinez v. FMS Inc., 2008 WL 4010101 (M.D. Fla. 2008); Brown v. SCI Funeral Services of Florida, Inc., 212 F.R.D. 602 (S.D.Fla.2003); Baez v. Wagner & Hunt, P.A., 442 F.Supp. 2d 1273 (S.D. Fla. 2006); Jansen v. West Palm Nissan, Inc., 2006 WL 1582068 (S.D. Fla. 2006); Tyrell v. Robert Kaye & Associates, P.A., 223 F.R.D. 686 (S.D. Fla. 2004). Further, counsel for the Class Representative has substantial experience in litigating individual and class actions under the Uniform Commercial Code, including claims against the Defendant herein. See, e.g., Jackson v. Southern Auto, 968 So.2d 721(Fla. 4th DCA 2008); Garcia v. United Auto Credit Corp., 2008 WL 141579; Muro v. Hermano's Auto

---

[1] June 12, 2008 is the day after the end of the Settlement Class Period in the Garcia Class Action, *supra.*

Wholesalers, Inc., 514 F.Supp. 2d 1343 (S.D. Fla. 2007); Westlake Financial Services v. Ray, 923 So.2d 555 (Fla. 4th DCA 2006).

38.     The Class Representative has no conflicts of interest which would interfere with their ability to represent the interest of the class members.

### *Appropriateness of Hybrid Class Treatment Under Rule 1.220(b)(2) and (b)(3)*

39.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to the individual class members against United Auto.

40.     The Class Representative is represented by counsel competent and experienced in both consumer protection and class action litigation.

41.     Members of the proposed class who have an interest in individually controlling the prosecution of separate claims against United Auto will not be prejudiced by this action. Each member of the proposed classes will be identified through discovery from United Auto and will be notified and given an opportunity to opt out of their respective class(es).

42.     The Class Representative does not presently know the nature and extent of any pending litigation to which a member of the proposed classes is a party and in which any question of law or fact controverted in the present action is to be adjudicated. The Class Representative will identify any such pending litigation by discovery from United Auto.

43.     This Court is an appropriate forum for the present action in that the Class

-10-

Representative is, and at all times herein mentioned has been, a resident of this county; the Class Representative's vehicle was purchased and repossessed in this county; and United Auto does business in this county, including without limitation providing to residents of this county financing of motor vehicles that are consumer goods.

44.     Certification of a class under Rule 1.220(b)(2), Florida Rules of Civil Procedure is appropriate as United Auto has acted on grounds generally applicable to the Class with respect to the collection and credit reporting activity described in Paragraphs 23 through 28 above thereby making appropriate equitable relief with respect to the Class as a whole. Unless restrained from such activities, United Auto will continue to unlawfully harm the interests of the Class Representative and the class for which no adequate remedy at law exists.

45.     Certification of a class under Rule 1.220(b)(3), Florida Rules of Civil Procedure is also appropriate in that:

(a)   The questions of law or fact common to the members of the class predominate over any questions affecting an individual class member; and

(b)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46.     The Class Representative requests certification of a "hybrid" class for monetary damages under Rule 1.220(b)(3) and for equitable relief under Rule 1.220(b)(2), Florida Rules of Civil Procedure. See, Penson v. Terminal Transport Co., Inc., 634 F.2d 989, 994 (5th Cir.1981); Agan v. Katzman & Korr, P.A., 222 F.R.D. 692 (S.D.Fla.2004).

47.     There are no difficulties likely to be encountered by the Court in the management of this proposed class action.

-11-

48.     The Class Representative's counsel is entitled to a reasonable fee from the class members or from a common fund for the handling of this action.

## APPLICABLE LAW

49.     Florida Statutes §679.616(2)(a) provides that, in a consumer goods transaction in which a consumer is liable for a deficiency, the secured party shall send an "explanation" to the consumer of the calculation of the amount of the deficiency it seeks to collect. The secured party must send the "explanation" to the consumer after the sale and before or when it first makes a written demand for payment of the deficiency.

50.     The Class Representative was informed and believe and on that basis allege that United Auto sent the standard form represented by the Arrington Deficiency Notice or variants of it containing one or more of the enumerated defects to hundreds, if not thousands, of Florida consumers upon the repossession of their vehicles.

51.     The form represented by the Arrington Deficiency Notice that United Auto sent to the Class Representative was materially defective, invalid and incomplete as described above.

## COUNT I - ACTION FOR VIOLATION OF
## FLORIDA STATUTE §679.616, UNIFORM COMMERCIAL CODE

52.     This is an action involving an amount in controversy in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

53.     The Class Representative realleges and reincorporates herein by reference the allegations of paragraphs 1 through 51 above as set forth in full herein.

54.     Florida Statute §679.616(2) requires creditors in consumer transactions who seek to collect a deficiency after a sale to send an "explanation" of the deficiency calculation after the sale and before or when it first makes a written demand for payment of the deficiency.

-12-

55.    The "explanation" must include:

♦    The amount of the deficiency;

♦    An explanation of how the creditor calculated the deficiency;

♦    A statement, if applicable, that future debits, credits, charges, including additional credit service charges or interest, rebates, and expenses may affect the amount of the surplus or deficiency; and

♦    A telephone number or mailing address from which a consumer may obtain additional information concerning the transaction.

56.    United Auto violated Florida Statute §679.616(2)(a) because it failed to send the Class Representative and class members an "explanation" of the deficiency balance in the manner required by the UCC after the sale and before or when it first makes a written demand for payment of the deficiency.  United Auto's failure to send the Class Representative and class members  the "explanation" of deficiency mandated by Florida Statute §679.616(2)(a) is part of a pattern, or consistent with a practice, of noncompliance with that statute.

57.    As a direct and proximate result of the acts hereinabove alleged and United Auto's ongoing unlawful conduct, the Class Representative and class members have been damaged and have suffered economic losses in an amount to be proven at trial.

58.    Failure to comply with Florida Statute §679.616(2)(a) subjects the creditor to liability to the consumer for statutory damages of $500 if the noncompliance is part of a pattern or practice pursuant to Florida Statute §679.625(5)(e).

59.    The Class Representative and class members are therefore entitled to statutory damages, pursuant to Florida Statute §679.625(5)(e).

-13-

## COUNT II -ACTION FOR EQUITABLE RELIEF UNDER
## FLORIDA STATUTE §679.625, UNIFORM COMMERCIAL CODE

60.     This is an action for equitable relief pursuant to Florida Statute §679.625,

involving an amount in controversy in excess of Fifteen Thousand Dollars ($15,000.00), exclusive

of interest and costs.

61.     The Class Representative realleges and reincorporates herein by reference the

allegations contained in paragraphs 1 through 51 above as set forth in full herein.

62.     As detailed above, since the repossession of the vehicles of the Class

Representative and the class members, United Auto has wrongfully collected and/or reported

credit information to the CRAs with respect to the consumer reports of the Class Representative

and the class members.

63.     Pursuant to Florida Statute Statute §679.625, if it is established that a secured party

is not proceeding in accordance with Article IX, Part VI of the UCC, a court may enter an order

restraining collection, enforcement or disposition of collateral on appropriate terms and

conditions.

64.     The Class Representative and the class members do not have an adequate remedy

at law with respect to the continued collection and/or reporting of materially inaccurate adverse

credit information to the CRAs.

65.     The Class Representative and the class members will suffer irreparable injury if

United Auto is not enjoined from the future wrongful collection and reporting of adverse

information to the CRAs.

### COUNT III - ACTION FOR EQUITABLE RELIEF (COMMON LAW)

66.     This is an action for common law equitable relief involving an amount in

-14-

controversy in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

67.     The Class Representative realleges and reincorporates herein by reference the allegations contained in paragraphs 1 through 51 above as set forth in full herein.

68.     As detailed above, since the repossession of the vehicles of the Class Representative and the class members, United Auto has wrongfully collected and/or reported credit information to the CRAs with respect to the consumer reports of the Class Representative and the class members.

69.     The Class Representative and the class members do not have an adequate remedy at law with respect to the continued collection and/or reporting of materially inaccurate adverse credit information to the CRAs.

70.     The Class Representative and the class members will suffer irreparable injury if United Auto is not enjoined from the future wrongful collection and reporting of adverse information to the CRAs

## COUNT IV - ACTION FOR VIOLATION OF
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

71.     This is an action for violation of Florida Statutes Chapter 559, *et sequi*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

72.     The Class Representatives reallege and reincorporate herein by reference the allegations of paragraphs 1 through 51 above as set forth in full herein.

73.     At all times material hereto, the monies purportedly owed under the Arrington RISC and the finance agreements of the other class members constituted a "debt" or "consumer

-15-

debt" as defined under Florida Statutes §559.55(1).

74.    At all times material hereto, the Class Representative and the other class members were "debtor(s)" or "consumer debtor(s)" as defined under Florida Statutes §559.55(2).

75.    At all times material hereto, United Auto was a "creditor" as defined under Florida Statutes §559.55(3).

76.    As more particularly described above, United Auto has violated the Florida Consumer Collection Practices Act in that it has claimed, attempted or threatened to enforce a debt when it knew that the debt was not legitimate or asserted the existence of some other legal right when it knew that the right did not exist in contravention of Florida Statutes §559.72(9), to wit: the right to collect and report a deficiency in an amount and manner contrary to the Florida Anti-Deficiency Act, Florida Statutes §516.31.

77.    As a direct and proximate result of the violation of the FCCPA by United Auto, the Class Representatives are entitled to recover statutory damages in the amount of $1,000.00 together with an aggregate award of additional statutory damages not to exceed the lesser of $500,000 or 1% of the net worth of United Auto for all remaining class members pursuant to Florida Statutes §559.77(2).

78.    Pursuant to Florida Statutes §559.77, the Court is empowered to enjoin United Auto from further violation of the Act and to direct such other and further equitable relief as may be necessary and proper.

79.    Pursuant to Florida Statutes §559.72(2), the Class Representative is entitled to recover reasonable attorney's fees and costs for the filing of the instant Motion.

-16-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Willie G. Arrington, an individual, on behalf of himself and others similarly situated, respectfully prays for relief as follows:

A.    For an order certifying this claim as a class action;

B.    For an order preliminarily and permanently enjoining United Auto from engaging in the practices challenged herein;

C.    For an order of restitution and/or disgorgement in an amount to be determined at trial, which amount is at least equal to all sums collected by United Auto for alleged deficiency balances which exceed the difference between the affected vehicle's retail fair market value as established by periodically published trade estimates of the retail value of the affected vehicles (such as the NADA "blue book") and the amount owing on the debt;

D.    For statutory damages for each class member in the amount of $500 under Florida Statutes §679.625(5)(e);

E.    For statutory damages for each class member pursuant to Florida Statutes §559.77;

F.    For appropriate equitable relief, including an injunction prohibiting further violations of the FCCPA pursuant to Florida Statutes §559.77;

G.    For pre-judgment interest to the extent permitted by law;

H.    For an award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action to the extent permitted by law pursuant to Florida Statutes §§57.105(7) and 559.72(2); and

I.    For such other and further relief as the Court may deem just and proper.

-17-

## DEMAND FOR JURY TRIAL

Plaintiff, Willie G. Arrington, pursuant to Rule 1.430, Florida Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax

-18-

RETAIL INSTALLMENT CONTRACT

| Dealer Numb. | | Contract Number |
|---|---|---|

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | Creditor - Seller (Name and Address) |
|---|---|
| WILLIE ABBINGTON<br>218 SW 20 ST<br>FOETLAND FLA 33315<br>Buyer's Month of Birth: 4/22/47 | NICKS AUTO SALES INC.<br>3000 W OAKLAND PARK BLVD<br>FOETLAND FLA 33311 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of _____ % per year. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2001 | MERCURY MONTANIER | | 4M2ZV66P21UJ10992 | ☐ personal, family or household<br>☑ business<br>☐ agricultural  ☐ |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 1600 is |
|---|---|---|---|---|
| 24 % | $ 9990.20 | $ 13059.20 | $ 23749.20 | $ 25449.20 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due EVERY 19TH |
|---|---|---|
| 60 | 395.82 | Monthly beginning DEC. 19 2004 |

Or As Follows:

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5 % of the part of the payment that is late.

Prepayment. If you pay off all your debt early, you may have to pay a penalty.

Security Interest. You are giving us a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

### Insurance.
Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit. Your choice of insurance providers will not affect our decision to sell or extend credit to you.

If any insurance is checked below, policies or certificate from the named insurance companies will describe the terms and conditions.

**Optional Credit Insurance**

☐ Credit Life   ☐ Buyer   ☐ Co-Buyer   ☐ Both
☐ Credit Disability (Buyer Only)

Premium:
Credit Life $ _____
Credit Disability $ _____
Insurance Company Name _____
Home Office Address _____

Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgement:
1. You understand that you have the option of assigning any policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit.

| Buyer _____ | Date _____ |
|---|---|
| Co-Buyer _____ | Date _____ |

2. You understand that credit life coverage may be deferred if, at the time of application, you are unable to engage in employment or, unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

| Buyer _____ | Date _____ |
|---|---|
| Co-Buyer _____ | Date _____ |

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy.

| Buyer _____ | Date _____ |
|---|---|
| Co-Buyer _____ | Date _____ |

## ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1 | Cash Price (including $ _____ sales tax) | $ 15310.35 (1) |
| 2 | Total Downpayment = | |
| | Trade-In NONE | |
| | (Year) (Make) (Model) | |
| | Trade-In NONE | |
| | (VIN) | |
| | Gross Trade-In Allowance | $ _____ |
| | Less Pay Off Made By Seller | $ _____ |
| | Equals Net Trade In | $ _____ |
| | + Cash | $ 1600 |
| | + Other | $ _____ |
| | (If total downpayment is negative, enter "0" and see 4H below) | $ 1600.00 (2) |
| 3 | Unpaid Balance of Cash Price (1 minus 2) | $ 13710.35 (3) |
| 4 | Other Charges Including Amounts Paid to Others on Your Behalf | |
| | (Seller may keep part of these amounts): | |
| | A Cost of Optional Credit Insurance Paid to the Insurance Company or Companies. | |
| | Life | $ -0- | |
| | Disability | $ -0- | $ -0- |
| | B Other Insurance Paid to the Insurance Company | $ -0- |
| | C Official Fees Paid to Government Agencies | $ -0- |
| | D Government Documentary Stamp Taxes | $ 48.65 |
| | E Other Taxes Not Included in Cash Price | $ -0- |
| | F Government License and/or Registration Fees | $ -0- |
| | (Identify) | |
| | G Government Certificate of Title Fees | $ -0- |
| | H Other Charges (Seller must identify who is paid and describe purpose) | |
| | ___ to ___ for Prior Credit or Lease Balance | $ -0- |
| | ___ to ___ for ___ | $ -0- |
| | ___ to ___ for ___ | $ -0- |
| | ___ to ___ for ___ | $ -0- |
| | ___ to ___ for ___ | $ -0- |
| | ___ to ___ for ___ | $ -0- |
| | Total Other Charges and Amounts Paid to Others on Your Behalf | $ 48.65 (4) |
| 5 | Loan Processing Fee Paid to Seller (Prepaid Finance Charge) | $ _____ (5) |
| 6 | Amount Financed (3 plus 4) | $ 13759.20 (6) |

Payment Schedule: 60 installments of $ 395.82 each, monthly beginning EVERY 19TH

or as follows _____

### Other Insurance
☐ _____
Type of Insurance _____ Term _____
Premium $ _____
Insurance Company Name _____
Home Office Address _____

I want the insurance checked above.

| Buyer Signature _____ | Date _____ |
|---|---|
| Co-Buyer Signature _____ | Date _____ |

**EXHIBIT A**

ITEMIZATION OF AMOUNT FINANCED

1  Cash Price (including $_____ sales tax)  $ *1531035* (1)
2  Total Downpayment =

Trade-In _____ *NONE* _____
        (Year)   (Make)   (Model)

Trade-In _____ *NONE* _____
                    (VIN)

   Gross Trade-In Allowance                    $_____
   Less Pay Off Made By Seller                 $ 0
   Equals Net Trade In                         $ 0
   + Cash                                      $ *1600*
   + Other                                     $ 0
   (If total downpayment is negative, enter "0" and see 4H below)   $ *1600.00* (2)
3  Unpaid Balance of Cash Price (1 minus 2)    $ *1371035* (3)
4  Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   A  Cost of Optional Credit Insurance Paid to the Insurance
      Company or Companies.
      Life                   $ 0
      Disability             $ 0
   B  Other Insurance Paid to the Insurance Company     $ 0
   C  Official Fees Paid to Government Agencies          $ 0
   D  Government Documentary Stamp Taxes                 $ 48.65
   E  Other Taxes Not Included in Cash Price             $ 0
   F  Government License and/or Registration Fees
      (Identify)                                         $ 0
   G  Government Certificate of Title Fees               $ 0
   H  Other Charges (Seller must identify who is paid and
      describe purpose)
      to _____ for Prior Credit or Lease Balance    $ 0
      to _____ for _____                        $ 0
      to _____ for _____                        $ 0
      to _____ for _____                        $ 0
      to _____ for _____                        $ 0
      to _____ for _____                        $ 0
      to _____ for _____                        $ 0
   Total Other Charges and Amounts Paid to Others on Your Behalf   $ 48.65 (4)
5  Loan Processing Fee Paid to Seller (Prepaid Finance Charge)     $ _____ (5)
6  Amount Financed (3 plus 4)                                      $ *137859?* (6)

Payment Schedule: *60* Installments of $ *325.82* each, monthly beginning
...ons as follows:
*Excell Form*

---

...insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgement:
1. You understand that you have the option of assigning any other policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit.

Buyer ___0___   Date _____
Co-Buyer ___0___   Date _____

2. You understand that the credit life coverage may be deferred if, at the time of application, you are unable to engage in employment or unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

Buyer _____   Date _____
Co-Buyer _____   Date _____

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy.

Buyer _____   Date _____
Co-Buyer _____   Date _____

### Other Insurance

☐ _____
   Type of Insurance          Term

Premium $ _____
Insurance Company Name _____
Home Office Address _____

I want the insurance checked above.

Buyer Signature _____   Date _____
Co-Buyer Signature _____   Date _____

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

Returned Check Charge: If any check or order of payment you give us is dishonored, you will pay a charge if we make demand that you do so. The charge will be $25 if the check amount is $50 or less; $30 if the check is over $50 but not more than $300; $40 if the check is over $300, or such amount as permitted by law.

---

OPTION: ☐ You pay no finance charge if the amount financed, item 6, is paid in full on or before _____, Year _____. SELLERS INITIALS _____

## NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others. Buyer (and any Co-Buyer) initials x _____
See back for other important agreements.

NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.

You agree to the terms of this contract and confirm that you received a completely filled-in copy when you signed it.

Buyer Signs _____ Date 4/17/04 Co-Buyer Signs _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The co-buyer or other owner knows that the Creditor has a security interest in the vehicle and consents to the security interest.

Other owner signs here _____ Address _____
Seller signs _____ Date _____ By _____ Title _____

Seller assigns its interest in this contract to *United Auto Credit Cor* (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse     ☐ Assigned without recourse     ☐ Assigned with limited recourse

Seller *Hicks Auto Sales Inc*   By *_____*   Title *Manager*

LAW FORM NO. 553-FL (Rev. ___) U.S. PATENT NO. D341,947
©2003 Reynolds and Reynolds TO ORDER: www.reysource.com, 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

FILE COPY

1.  **FINANCE CHARGE AND PAYMENTS**

    a. **How we will figure Finance Charge.** We will treat any Prepaid Finance Charge as fully earned on the date of this contract. We will figure the rest of the finance charge on a daily basis at the Base Rate on the unpaid part of your Principal Balance. Your Principal Balance is the sum of the Amount Financed and the Prepaid Finance Charge, if any.

    b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of your Principal Balance and to other amounts you owe under this contract in any order we choose.

    c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

    d. **You may prepay.** You may prepay all or part of your Principal Balance at any time. If the contract is paid in full within six months after the date you sign it, we may impose an acquisition charge, not exceeding $75, for services performed on your behalf for processing this contract. If you prepay, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

    e. **You may ask for a payment extension.** You may ask us for a deferral of the scheduled due date of all or any part of a payment (extension). If we agree to your request, we may charge you a $15 extension fee. You must maintain the physical damage insurance required by this contract (see below) during any extension. If you do not have this insurance, we may buy it and charge you for it as this contract says. You may extend the term of any optional insurance you bought with this contract to cover the extension if the insurance company or your insurance contract permits it, and you pay the charge for extending this insurance.

    If you get a payment extension, you will pay additional finance charges at the Base Rate on the amount extended during the extension. You will also pay any additional insurance charges resulting from the extension, and the $15 extension fee if we charge you this fee.

2.  **YOUR OTHER PROMISES TO US**

    a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

    b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

    c. **Security Interest.**
    You give us a security interest in:
    *   The vehicle and all parts or goods put on it;
    *   All money or goods received (proceeds) for the vehicle;
    *   All insurance or service contracts we finance for you; and
    *   All proceeds from insurance or service contracts we finance for you. This includes any refunds of premiums.
    This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

    d. **Insurance you must have on the vehicle.**
    You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest

If you pay late, we may also take the steps described below.

    b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
    *   You do not pay any payment on time;
    *   You start a proceeding in bankruptcy or one is started against you or your property; or
    *   You break any agreements in this contract.
    The amount you will owe will be the unpaid part of your Principal Balance plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

    c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as permitted by law. This includes any attorneys' fees we incur as a result of any bankruptcy proceeding brought by or against you under federal law.

    d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

    e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

    f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
    We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

    g. **What we may do about optional insurance or service contracts.** This contract may contain charges for optional insurance or service contracts. If we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle.

4.  **WARRANTIES SELLER DISCLAIMS**
    **Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness, for a particular purpose.**
    This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5.  **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
    Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6.  **Optional Service Contracts.**
    You are not required to buy a service contract to obtain credit. Your choice of service contract providers for any service contracts you buy will not affect our decision to sell or extend credit to you.

. by this contract (see below) during any extension. If you do not have this insurance, we may buy it and charge you for it as this contract says. You may extend the term of any optional insurance you bought with this contract to cover the extension if the insurance company or your insurance contract permits it, and you pay the charge for extending this insurance.

If you get a payment extension, you will pay additional finance charges at the Base Rate on the amount extended during the extension. You will also pay any additional insurance charges resulting from the extension, and the $15 extension fee if we charge you this fee.

## 2. YOUR OTHER PROMISES TO US

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods put on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance or service contracts we finance for you; and
   - All proceeds from insurance or service contracts we finance for you. This includes any refunds of premiums.

   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge at the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance or service contract charges.** If we obtain a refund on insurance or service contracts, we will subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance or service contracts.** This contract may contain charges for optional insurance or service contracts. If we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle.

## 4. WARRANTIES SELLER DISCLAIMS

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

## 5. 
**Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

## 6. Optional Service Contracts.
You are not required to buy a service contract to obtain credit. Your choice of service contract providers for any service contracts you buy will not affect our decision to sell or extend credit to you.

## 7. Rejection or Revocation.
If you are permitted under Florida's Uniform Commercial Code to reject or revoke acceptance of the vehicle and you claim a security interest in the vehicle because of this, you must either: (a) post a bond in the amount of the disputed balance; or (b) deposit all installment payments as they become due into the registry of a court of competent jurisdiction.

## 8. Applicable Law
Federal law and the law of the state of the Seller's address shown on the front of this contract apply to this contract.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

UNITED AUTO FT. LAUDERDALE
5310 N.W. 33RD AVE - SUITE 102
FT. LAUDERDALE, FL  33309
(954) 739-0938

December 26, 2008

WILLIE ARRINGTON

218 SW 20TH STREET #1
FT LAUDERDALE, FL 33315

DEALER:          NICK S AUTO SALES, INC.
ACCT#:           144-002393
CONTRACT DATE: 11/17/2004

As shown below there is an outstanding balance owed on your
account.

Current Balance:                          $   6265.81


Plus: Accrued Finance Charges:

Total deficiency:                         $   6305.39

Under the terms of your contract, you are responsible for payment
of this amount.

Please call the collection department at (954) 739-0938 for
payment arrangements.

UNITED AUTO FT. LAUDERDALE




000252




EXHIBIT "B"

2/2/2009

United Auto Credit Corporation
144-002333
Arlington, Mullie

| | | |
|---|---|---|
| Open Date: | 11/17/04 | 1st Payment Due: | 12/17/04 |
| Original Balance: | $13,759.00 | Term | 60 months |
| Interest Rate | 24.00% | Collateral: 2001 Mercury Montaineer VIN 4M2ZU86P11UJ10952 |
| Payment Amount: | $395.82 | |

Simple Interest Account - Interest Accrues on Unpaid Balance
Payment Exceeding Accrued Unpaid Interest is Applied as Principal Reduction

| Payment Date | Date Received | Amount Received | Principal | Interest | Paid Fees | Balance | Assessed Fees/Chgs | Comments |
|---|---|---|---|---|---|---|---|---|
| 11/17/04 | | | | | | | | |
| 12/17/04 | 12/16/04 | $395.00 | $133.64 | $262.36 | | $13,759.00 | | |
| 01/17/05 | 01/18/05 | $396.00 | $100.35 | $295.65 | | $13,625.01 | | |
| 02/17/05 | 02/17/05 | $396.00 | $129.21 | $266.79 | | $13,525.01 | | |
| 03/17/05 | 03/17/05 | $396.00 | $149.37 | $246.63 | | $13,366.80 | | |
| 04/17/05 | 04/15/05 | $396.00 | $143.41 | $252.59 | | $13,246.43 | | |
| 05/17/05 | 04/17/05 | $396.00 | $120.30 | $275.70 | | $13,103.02 | | |
| 06/17/05 | 06/17/05 | $396.00 | $271.61 | $124.39 | | $12,982.72 | | |
| 07/17/05 | 07/22/05 | $397.00 | $159.29 | $237.71 | | $12,711.11 | | |
| 08/17/05 | 08/20/05 | $396.00 | $158.11 | $237.69 | | $12,751.82 | | |
| 09/17/05 | 09/16/05 | $400.00 | $165.23 | $237.71 | | $12,588.59 | | |
| 10/17/05 | 09/16/05 | $389.20 | $132.84 | $256.66 | | $12,453.95 | | |
| 11/17/05 | 10/21/05 | $397.00 | $134.98 | $262.04 | | $12,318.89 | | |
| 12/17/05 | 11/23/05 | $397.00 | $88.18 | $307.81 | | $12,226.80 | Payment extension 11/17/05 late fee assessed - 11/17/05 late payment |
| 01/17/06 | 12/29/05 | $396.00 | $0.00 | $15.00 | $39.53 | $12,208.08 | $15.00 | 12/27/05 late fee assessed - 12/17/05 late payment |
| 02/17/06 | 01/25/06 | $54.58 | $0.00 | $54.58 | $39.53 | $12,083.08 | $15.79 | Payment extension 1/17/06 to 2/17/06 |
| 03/17/06 | 02/24/06 | $396.00 | $0.00 | $396.00 | | $12,083.08 | | |
| 04/17/06 | 03/21/06 | $400.00 | $159.50 | $240.50 | | $11,923.58 | | |
| 05/17/06 | 04/21/06 | $497.00 | $253.99 | $243.04 | | $11,669.63 | | |
| 06/17/06 | 05/22/06 | $0.00 | $0.00 | $0.00 | | $11,669.63 | | Payment extension 5/17/06 to 6/17/06 |
| 07/17/06 | 06/22/06 | $0.00 | $0.00 | $0.00 | | $11,669.63 | | Paid in full 7/17/06 |
| 08/17/06 | 07/25/06 | $15.00 | $0.00 | $15.00 | $15.00 | $11,669.63 | $15.00 | 7/27/06 late fee assessed - 7/17/06 late payment |
| 09/17/06 | 08/31/06 | $400.00 | $0.00 | $400.00 | | $11,669.63 | $15.00 | Due date change 8/17/06 - Changed due date 7/17/06 to 8/17/06 |
| 10/17/06 | 09/18/06 | $397.00 | $0.00 | $397.00 | | $11,669.63 | | |
| 11/17/06 | 10/19/06 | $396.00 | $128.17 | $268.83 | | $11,505.63 | $19.79 | 9/1/06 late fee assessed - 9/17/06 late payment |
| 12/17/06 | 11/21/06 | $447.00 | $167.47 | $279.53 | | $11,338.06 | $19.79 | 10/1/06 late fee assessed - 10/17/06 late payment |
| 01/01/07 | 12/11/06 | $400.00 | $190.83 | $209.07 | | $11,155.00 | $19.79 | 11/1/06 late fee assessed - 11/17/06 late payment |
| 02/07/07 | 01/05/07 | $400.00 | $216.46 | $183.54 | | $10,948.60 | | |
| 03/07/07 | 02/07/07 | $400.00 | $182.43 | $237.57 | | $10,766.17 | | |
| 04/01/07 | 03/02/07 | $400.00 | $236.88 | $183.12 | | $10,549.29 | | |
| 05/01/07 | 04/03/07 | $397.00 | $162.18 | $234.88 | $19.79 | $10,387.11 | | |
| 06/01/07 | 05/01/07 | $15.00 | $0.00 | $15.00 | | $10,387.11 | | Payment extension 6/1/07 to 7/1/07 |
| 07/01/07 | 06/04/07 | $397.00 | $0.00 | $397.00 | | $10,387.11 | | |
| 08/01/07 | 07/02/07 | $396.00 | $186.47 | $209.53 | | $10,200.64 | | |
| 09/01/07 | 08/02/07 | $400.00 | $192.07 | $207.93 | | $10,008.57 | | |
| 10/01/07 | 08/21/07 | $400.00 | $206.15 | $190.85 | | $9,799.42 | | |
| 11/01/07 | 10/01/07 | $400.00 | $202.25 | $193.75 | | $9,596.16 | | |
| 12/01/07 | 11/01/07 | $400.00 | $216.96 | $183.04 | | $9,382.20 | | Changed due date 12/1/07 to 12/17/07 |
| 01/17/08 | 12/04/07 | $0.00 | $0.00 | $0.00 | $39.58 | $9,303.00 | | |
| 02/17/08 | 01/21/08 | $397.00 | $78.20 | $320.80 | $39.58 | $9,155.22 | | |
| 03/17/08 | 01/27/08 | $397.00 | $185.78 | $189.83 | | $8,945.46 | | |
| 04/17/08 | 02/25/08 | $400.00 | $185.76 | $210.24 | | $8,718.04 | | |
| 05/17/08 | 03/17/08 | $397.00 | $226.42 | $170.58 | | $8,485.57 | | |
| 06/17/08 | 04/15/08 | $397.00 | $225.67 | $143.33 | | $8,255.36 | | |
| 07/17/08 | 05/19/08 | $397.00 | $230.61 | $166.59 | | $8,062.04 | $19.79 | 6/27/2008 late fee assessed - 6/17/08 late payment |
| 08/17/08 | 07/13/08 | $397.00 | $153.32 | $243.88 | | $7,911.11 | | Due date change 5/17/08 to 9/1/08 |
| 09/17/08 | 07/18/08 | $396.00 | $316.29 | $79.71 | $19.79 | $7,765.75 | | |
| 10/01/08 | 07/31/08 | $0.00 | $0.00 | $0.00 | | $7,765.75 | | |
| 11/01/08 | 08/01/08 | $30.00 | $0.00 | $30.00 | | $7,588.32 | $19.79 | 11/11/08 late fee assessed - 11/1/08 late payment |
| 12/01/08 | 09/01/08 | $392.00 | $177.43 | $219.57 | | $7,375.77 | | |
| 01/01/09 | 10/02/08 | $397.00 | $212.55 | $194.86 | | $7,375.77 | | Interest accrued at time of loss |
| 11/01/08 | 12/19/08 | $1,377.00 | $0.00 | $0.00 | | $5,998.77 | | |
| 11/01/08 | | | -$267.04 | $0.00 | | $6,265.81 | | |

| | |
|---|---|
| Manheim Palm Beach Auction - 12/19/08 | |
| Sales Price | $1,500.00 |
| Less Selling Fee | $115.00 |
| Less Recon Fees | $8.00 |
| Net Sale Proceeds | $1,377.00 |

| | |
|---|---|
| Accrued Unpaid Late Charges | $39.58 |
| Unpaid Principal Balance | $5,998.77 |
| Accrued Int @ CFO | $267.04 |
| **TOTAL DUE** | **$6,305.39** |



EXHIBIT "C"

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

144-2393

To:  GREG BRAWLEY (VICE PRESIDENT)
UNITED AUTO CREDIT CORPORATION
18191 VON KARMAN
STE 300
IRVINE, CA 92612-7106

SOP Transmittal # FL81731

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Entity Served: UNITED AUTO CREDIT CORPORATION

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of    FLORIDA    on this  9  day of    February   , 2009 . The following is a summary of the document(s) received:

1.  **Title of Action:** Willie G Arrington vs United Auto Credit Corporation

2.  **Document(s) served:**

    X  Summons/Citation/Third Party Summon    __ Subpoena           __ Notice of
    X  Complaint/Petition/Third Party Complaint  __ Garnishment
    __ Motion for Default/Default Judgment      __ Mechanics Lien      __ Other:
    __ Injunction/Temporary Restraining Order    __ Demand for Jury Trial

3.  **Court of Jurisdiction/**    17th judicial in and for Broward County,FL
    **Case & Docket Number:** 09007293

4.  **Amount Claimed, if any:**

5.  **Method of Service** (select one):
    X  Personally served by:   X  Process Server      __ Deputy Sheriff       __ U. S Marshall
    __ Delivered Via:          __ Certified Mail       __ Regular Mail         __ Facsimile
                               (Envelope enclosed)     (Envelope enclosed)
    __ Other (Explain):

6.  **Date and Time of Receipt:** 2/9/2009 12:35:28 PM EST (GMT -5)  + 20 days = February 27

7.  **Appearance/Answer Date:** 20 Days

8.  **Received From:**  Robert W Murphy, Esq
    (Name, Address & Telephone Number)
    1212 SE 2nd Avenue
    Ft. Lauderdale,FL 33316

9.  **Federal Express Airbill #** 798083502527

10. **Call Made to:** VM - GREG BRAWLEY (VICE PRESIDENT

11. **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**        **Copies To:**

Transmitted by: Unicka Brown

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

IN THE CIRCUIT COURT OF THE 17ᵗʰ
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 09-7293 (12)

WILLIE G. ARRINGTON, an individual,
on behalf of himself and all others similarly
situated,

      Plaintiff,

vs.

UNITED AUTO CREDIT CORPORATION,
a California corporation,

      Defendant.
_____/

INPUT BY ___DXS___

ABACUS INPUT DATE: _2/25/09_

DUE DATE _3/27/09_

REMINDER DATE(S) _____

**CLASS REPRESENTATION**

### NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES

TO:    UNITED AUTO CREDIT CORPORATION
        c/o John R. Hargrove, Esquire
        Gordon, Hargrove & James, P.A.
        2400 E. Commercial Boulevard, Suite 1100
        Fort Lauderdale, Florida 33308

      Plaintiff, Willie G. Arrington, an individual, pursuant to Rule 1.340, Florida Rules of Civil

Procedure, hereby gives notice that he has served the original and one copy of Plaintiff's First Set

of Interrogatories to Defendant, United Auto Credit Corporation, a California corporation, consisting

of fifteen (15) interrogatories, including sub-parts, this 25ᵗʰ ___ day of February, 2009. Responses are

due within thirty (30) days of the date of service.



      ROBERT W. MURPHY
      Florida Bar No. 717223
      1212 S.E. 2ⁿᵈ Avenue
      Ft. Lauderdale, FL 33316
      (954) 763-8660 Telephone
      (954) 763-8607 Telecopier
      Attorney for Plaintiff

**EXHIBIT**
tabbies
"B"

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by telefax and regular U.S. mail on February 25, 2009 to John R. Hargrove, Esquire, Gordon, Hargrove & James, P.A., 2400 E. Commercial Boulevard, Suite 1100, Fort Lauderdale, Florida 33308.

Attorney

IN THE CIRCUIT COURT OF THE 17ᵗʰ
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 09-7293 (12)

WILLIE G. ARRINGTON, an individual,
on behalf of himself and all others similarly
situated,

       Plaintiff,

vs.

                                      **CLASS REPRESENTATION**

UNITED AUTO CREDIT CORPORATION,
a California corporation,

       Defendant.

_____/

## **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED AUTO CREDIT CORPORATION**

TO:    UNITED AUTO CREDIT CORPORATION
        c/o John R. Hargrove, Esquire
        Gordon, Hargrove & James, P.A.
        2400 E. Commercial Boulevard, Suite 1100
        Fort Lauderdale, Florida 33308

Pursuant to Rule 1.340, Florida Rules of Civil Procedure, Plaintiff, Willie G. Arrington,

by and through his undersigned attorney, hereby propounds his first set of interrogatories to

Defendant, United Auto Credit Corporation, a California corporation ("United Auto"). The above

named party is required, within the time period prescribed by said Rule, to answer under oath and

in writing the following Interrogatories:

### DEFINITIONS

1.    The term "COLLECT" means to collect or seek to collect DEFICIENCIES, in

-1-

whole or in part, through letters or other communications requesting or demanding payment or indicating payment is due or that there is an outstanding deficiency, or through the use of collection agencies or law firms, or by litigation, including without limitation small claims.

2.     The term "CONTRACT" means any retail installment sale contract or other contract within the definition set forth under Florida Statute §520.02(11) to which United Auto is or at any time was a holder or assignee, including any contracts which describe United Auto as a secured party, or in connection with which United Auto provided any SERVICING or COLLECTING of any kind, and which was entered into in the State of Florida.

3.     The term "CUSTOMER" means any buyer, co-buyer, or person(s) liable to United Auto, under a CONTRACT.

4.     The term "DEFICIENCY" means any amount that the business records of United Auto or any entity on behalf of United Auto reflected was owed, or was an outstanding or unpaid balance under any CONTRACT, including but not limited to defaulted payments, principal, interest, late or delinquent charges, repossession or towing or storage charges or costs, attorneys fees or court costs on a CUSTOMERS's account following DISPOSITION.

5.     The term "DISPOSITION" means any sale or other disposition of a CUSTOMER'S vehicle after REPOSSESSION.

6.     The term "DOCUMENT" means any and all tangible things upon which any expression, communication or representation is reflected or has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical, phonic or electronic recording, computerized data whether on disk, hard drive or otherwise, and any nonidentical copies (whether different from the original

-2-

because of notes made on such copies, because of indications that the copies were sent to different individual than were the originals, or any other reason), including but not limited to abstracts, agreements, analyses, blueprints, books, brochures, circulars, compilations, consultants' reports or studies, contracts, databases, files, graphs, insurance policies, letters, lists, manuals, maps, notebooks, opinions, pamphlets, papers, pictures, plans, projections, press releases or clippings, publications, reports, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, minutes or records of an sort of meeting, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone message slips, desk calendars, appointment books, computer tapes, computer disks, computer printouts, computer cars, electronically stored data, and all other writings (as that term is defined under the Florida Evidence Code, §90.951) and recordings of any kind.

7.   The term "FORM" means a photocopied, pre-printed, pre-drafted, or pre-formatted DOCUMENT, such as a photocopied, pre-printed or computer-based template, in which a portion of the text is intended to be individualized for each CUSTOMER by adding to the DOCUMENT information specifically related to the CUSTOMER or CUSTOMER's account or CONTRACT, including without limitation the CUSTOMER's name, address and account-related information.

8.   The term "IDENTIFY," when United Auto is asked to IDENTIFY a FORM NOTICE or FORM CONTRACT, means to state the date on which the FORM NOTICE or FORM CONTRACT was created; the date on which United Auto commenced using the FORM NOTICE or FORM CONTRACT; any coding that identifies the FORM NOTICE or FORM

-3-

CONTRACT; whether or not the coding appears on the FORM NOTICE or FORM CONTRACT; and any other information necessary to differentiate such FORM NOTICE or FORM CONTRACT from any other.

9. The term "IDENTIFY," when United Auto is asked to IDENTIFY a person (including without limitation a witness), means to state the person's name, home and business addresses, home and business telephone numbers, home and business email addresses, and present job title and employer.

10. The term "NOTICE" refers to any notice SENT to any CUSTOMER after the REPOSSESSION sale which provided or which attempted to provide the "explanation" of the calculation of a deficiency as required by Florida Statutes §679.616.

11. The term "RELEVANT PERIOD" means from June 12, 2008 to the date of response by United Auto.

12. The term "REPOSSESSION" means any repossession or voluntary surrender of any motor vehicle which is the subject of any CONTRACT.

13. The term "SEND" means mail, serve upon, deliver or transmit in any manner.

14. The term "SERVICE" means to communicate in any manner with CUSTOMERS regarding the status of accounts, including without limitation sending letters, notices, account statements or requests for payment, of any kind; or to collect or seek to collect directly or indirectly, whether through collection agencies, legal action or otherwise, any amounts owing on accounts, including without limitation, DEFICIENCIES.

15. The terms "YOU" or "YOUR" means defendant, United Auto, or anyone acting on its behalf.

-4-

## INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY each FORM NOTICE that YOU SENT, at any time during the RELEVANT PERIOD, to CUSTOMERS. YOU may refer to DOCUMENTS produced in response to Plaintiff's First Request for Production of Documents to Defendant by code, or by any other clearly identifying manner of description.

### INTERROGATORY NO. 2:

As to each FORM NOTICE that YOU IDENTIFIED in YOUR response to Interrogatory No.1, state the first and last dates on which such FORM NOTICE was SENT during the RELEVANT PERIOD.

-5-

**INTERROGATORY NO. 3:**

As to each FORM NOTICE that YOU IDENTIFIED in YOUR response to Interrogatory No.1, state the names and addresses of all persons to whom such FORM NOTICE was SENT during the RELEVANT PERIOD.

**INTERROGATORY NO. 4:**

As to each FORM NOTICE that YOU IDENTIFIED in YOUR response to Interrogatory No.1, do YOU contend that one or more CUSTOMERS to who YOU SENT such FORM NOTICE owe a DEFICIENCY?

-6-

### INTERROGATORY NO. 5:

If YOUR response to Interrogatory No.4 is anything other than an unqualified "no," IDENTIFY the method by which the DEFICIENCY was calculated (e.g., whether the DEFICIENCY was calculated by using the amount of the secured debt minus the auction proceeds of the repossessed collateral).

### INTERROGATORY NO. 6:

State the first date during the RELEVANT PERIOD on which YOU SENT a FORM NOTICE that YOU contend provided the disclosure described in Florida Statutes §679.616.

-7-

**INTERROGATORY NO. 7:**

IDENTIFY the FORM NOTICE described in Interrogatory No. 6.

**INTERROGATORY NO. 8:**

IDENTIFY the current custodian of all copies or records of FORM NOTICES SENT by YOU during the RELEVANT PERIOD.

-8-

**INTERROGATORY NO. 9:**

IDENTIFY all FORM CONTRACTS that YOU entered into with CUSTOMERS who were SENT, at any time during the RELEVANT PERIOD, a NOTICE.

**INTERROGATORY NO. 10:**

As to each FORM CONTRACT that YOU IDENTIFIED in YOUR response to Interrogatory No. 9, state the first and last dates on which YOU entered into such FORM CONTRACT with CUSTOMERS.

-9-

**INTERROGATORY NO. 11:**

For the FORM CONTRACTS identified in YOUR response to Interrogatory No. 9,

IDENTIFY all Law Printing FORM CONTRACTS or other FORM CONTRACTS purchased

directly or indirectly from a legal forms vendor, the legal forms vendor(s) who supplied said

FORM CONTRACTS, and the dates on which YOU purchased said FORM CONTRACTS.

**INTERROGATORY NO. 12:**

State the approximate number or estimated range for the number of DISPOSITIONS by

YOU during the RELEVANT PERIOD.

-10-

**INTERROGATORY NO. 13:**

For <u>each</u> calendar year in the RELEVANT PERIOD referred to in Interrogatory

No. 12, state the approximate amount or estimated range for the amount, of collected

DEFICIENCIES.

**INTERROGATORY NO. 14 :**

For <u>each</u> calendar year in the RELEVANT PERIOD referred to in Interrogatory No. 12,

state the approximate amount, or an estimated range for the amount of uncollected

DEFICIENCIES.

## INTERROGATORY NO. 15 :

With respect to the DEFICIENCIES for which United Auto attempted to collect, state whether United Auto calculated the DEFICIENCIES in the manner contemplated by Florida Statutes §516.31(3), known more commonly as the "Florida Anti-Deficiency Statute" ("Florida Anti-Deficiency Statute").

-12-

UNITED AUTO CREDIT CORPORATION

By: _____

Its: _____

STATE OF _____ )
                                :
COUNTY OF _____ )

    The foregoing answers to interrogatories were acknowledged before me this as true and correct this _____ day of _____, 2009, by _____, as _____ of United Auto Credit Corporation (   ) who is personally known to me or (   ) who has produced a valid driver's license as identification.

My Commission Expires:

                                        _____
                                        NOTARY PUBLIC

                                        _____
                                        Printed Name of Notary Public

                                        Commission Number: _____

-13-

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 09-7293 (12)

WILLIE G. ARRINGTON, an individual,
on behalf of himself and all others similarly
situated,

      Plaintiff,

vs.

UNITED AUTO CREDIT CORPORATION,
a California corporation,

      Defendant.

_____/

INPUT BY ___DXS_____

ABACUS INPUT DATE _2/25/09_

DUE DATE _3/27/09_____

REMINDER DATE(S)_____

**CLASS REPRESENTATION**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT UNITED AUTO CREDIT CORPORATION

TO:   UNITED AUTO CREDIT CORPORATION
      c/o John R. Hargrove, Esquire
      Gordon, Hargrove & James, P.A.
      2400 E. Commercial Boulevard, Suite 1100
      Fort Lauderdale, Florida 33308

Plaintiff, Willie G. Arrington, an individual, on behalf of himself and all others similarly

situated ("Mr. Arrington"), pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests

Defendant, United Auto Credit Corporation, a California corporation ("United Auto"), to produce

at the law office of Robert W. Murphy, Esquire, 1212 S.E. 2nd Avenue, Ft. Lauderdale, Florida

33316, within the time period provided in said Rule for inspection, examination, and copying of the

following described documents:

## I. Definitions

As used herein, the term "document" means a printed, typed, or other graphic matter of any kind or nature however produced or reproduced, whether sent or received, including drafts and copies bearing notations and marks not found on the original, including, but not necessarily limited to, all memoranda, reports, financial statements, notes, transcripts, letters, envelopes, telegrams, cables, telex messages, telephonic messages, reports, notes, notations, memoranda of or relating to telephone conversations and conferences, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, statistical reports, desk calendars, appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, minutes or transcriptions of any and all meetings, photographs, microfiche, microfilms, tapes, computer tapes, computer disks, diskettes and all other computer date storage formats or other recordings or mechanical reproductions for which information can be obtained and or translated if necessary by the requesting party into usable form.

As used herein, the term "person" includes natural persons, corporations, partnerships, and all other forms of organizations or associations.

As used herein, the terms "identify", "identity", or "identification", when used in reference to any individual or person, means to state his or her full name, present address, and telephone number, if known, and his present employer and business affiliation. When used in reference to a person other than an individual person, "identify", "identity", or "identification" means to state whether such person is a corporation, partner, or other organization, and the name, present, and last known address principal place of business, and state of incorporation, if application. Once any person has been properly identified, it shall be sufficient thereafter when identifying same to state the name of the person only.

As used herein, the terms "identify", "identity", or "identification" when used in reference to any document or documents, means to state the date of its execution, or, if undated, the date prepared, the author, or if different, the signatory or signatories, type of document, or other means of identifying it with sufficient particularity to meet the requirements for inclusion in a request for production of documents pursuant to the Florida Rules of Civil Procedure. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and the reason for its disposition. In lieu of identifying the document, a true and correct copy thereof may be incorporated into the answers to these Interrogatories.

## II. Directions

A.    Claim of Privilege

If the party to whom this request is directed objects to any document request on the basis of a claim of attorney/client, work product, or other privilege, the party so objecting shall identify the privilege claimed and shall provide the following with respect to each document for which the privilege is asserted:

(1)    The date of the document;

(2)    The identity of all persons having knowledge of the contents of the document; and

(3)    The basis on which the privilege is claimed.

B.   Applicable Time Period.

The instant request shall address the time period extending from June 12, 2008 to the date of response by United Auto ("Relevant Time Period"), unless the request indicates otherwise.

### III. Documents

1.   An example of each type or form of post-repossession notice used by United Auto or any third party on behalf of United Auto.

2.   All agreements, communications or other written documentation between United Auto and any third party regarding the transmission of post-repossession notices to consumers.

3.   All documents showing the names and addresses of all persons who were sent repossession notices by United Auto or any third party acting on behalf of United Auto, in the form of Exhibit "B" to the Complaint filed herein ("Deficiency Notice"), during the four (4) year period immediately preceding the filing of the instant action.

4.   All documents showing the names and addresses of all persons who were sent Deficiency Notices by United Auto or any third party acting on behalf of United Auto, during the Relevant Time Period.

5.   All manuals, instructions, guidelines, and other documents setting forth policies and procedures to be used by employees of United Auto in the repossession sale of vehicles, including the method of sending post-repossession notices to consumers.

6.   All documents relating to the approval by United Auto of the use of any post-repossession notice by United Auto.

7.   All documents relating to any complaint or criticism by any person(s) regarding post-repossession notices by United Auto or on behalf of United Auto.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by telefax and regular U.S. mail on February 25, 2009 to John R. Hargrove, Esquire, Gordon, Hargrove & James, P.A., 2400 E. Commercial Boulevard, Suite 1100, Fort Lauderdale, Florida 33308.

Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO._____-CIV-_____/\_\_\_\_

WILLIE G. ARRINGTON, an individual on
behalf of himself and all others similarly
situated,

            Plaintiff,

vs.

UNITED AUTO CREDIT CORPORATION,
A California corporation,

            Defendant

_____/

## DECLARATION OF GREG BRAWLEY

I, GREG BRAWLEY, declare as follows:

1. I am the Vice President of Risk Management for United Auto Credit Corporation ("UACC"), a California corporation and the Defendant in this action. I make this Declaration in support of UACC's Notice of Removal to the United States District Court for the Southern District of Florida.

2. UACC's corporate headquarters are located in Irvine, California.

3. I have worked for UACC for over 8 years, and I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would testify to the facts contained in this declaration.

4. I have read the Complaint and Plaintiff's March 9, 2009 demand letter in connection with the above-captioned case.

5. UACC is a specialty finance company engaged in non-prime automobile finance,



which includes the purchase, warehousing, securitization and servicing of automobile installment sales contracts originated by independent and franchised dealers of used automobiles.

6. According to the Complaint, Plaintiff is a Florida resident who purports to represent a class composed of all Florida residents who since June 12, 2008 had a retail installment agreement held by UACC, had their car repossessed by UACC or its agents in Florida, and to whom UACC failed to send a proper "explanation" of the deficiency owed. (See Complaint ¶ 36). Subsequent to the filing of the Complaint, Plaintiff made written demand to UACC on March 9, 2009, seeking damages and other relief on behalf of this purported class, including that all deficiencies arising from the finance contracts be waived by UACC for all customers who fit the class definition in the Complaint (as described above).

7. I have reviewed the relevant books and records of UACC and have confirmed that the total amount of the deficiencies for UACC customers who fit the class definition set forth in the Complaint, exceeds $5 million.

8. UACC reserves the right to assert all available claims and defenses, denies all liability in this case, and denies that Plaintiff or any member of the purported class is entitled to any remedy, damages, or any other form of relief.   However, if Plaintiff were to obtain the damages sought for the entire alleged class, that amount would exceed $5 million.

I declare under penalty of perjury under the laws of the States of California and Florida and the laws of the United States of America that the foregoing is true and correct.

Executed on March 11, 2009 in Irvine, California.

_____
GREG BRAWLEY

2

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

WILLIE G. ARRINGTON, an individual, on
behalf of himself and all others similarly
situated,

CASE NO. 09-007293 (12)
JUDGE PETER M. WEINSTEIN

        Plaintiff,

vs.

UNITED AUTO CREDIT CORPORATION, a
California corporation,

        Defendant.

_____/

## DEFENDANT'S NOTICE TO THE CIRCUIT COURT
## OF FILING NOTICE OF REMOVAL

Defendant, UNITED AUTO CREDIT CORPORATION (UACC), today has filed in the

District Court of the United States District for the Southern District of Florida its notice of removal

of this action, Case No.: 09-007293 (12), pending in the Circuit Court of the Seventeenth Judicial

Circuit in and for Broward County, Florida. A copy of UACC's notice of removal is attached.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by facsimile

and U.S. Mail this 11th day of March, 2009 to: Robert W. Murphy, Esquire, 1212 SE 2nd Avenue, Fort

Lauderdale, Florida 33316.

SEDGWICK, DETERT, MORAN & ARNOLD LLP
2400 East Commercial Boulevard, Suite 1100
Fort Lauderdale, FL 33308
Telephone: (954) 958-2500
Facsimile: (954) 958-2513

By:_____
    JOHN R. HARGROVE
    Florida Bar No.: 173745
    CRISTINA M. PIERSON
    Florida Bar No.: 0984345

§JS 44   (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| WILLIE G. ARRINGTON, an individual on behalf of himself and all others similarly situated, | FIRED PLACE CREDIT CORPORATION, A California corporation |

**(b)** County of Residence of First Listed Plaintiff  Broward County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Orange County, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

FILED by ___ D.C.

MAR 11 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Robert W. Murphy, Esquire
1212 SE 2nd Avenue
Fort Lauderdale, Florida 33316
(954) 763-8660

John R. Hargrove, Esquire; Cristina M. Pierson, Esquire
Sedgwick, Detert, Moran & Arnold LLP

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

FTL 09CV 60377 - Cohn/Seltzer

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Re-filed-(see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO       b) Related Cases ☐ YES ☒ NO

JUDGE _____   DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 28 USC § 1332 (d)(2). Plaintiff for himself and others similarly situated, challenge defendant's post-repossession notices and seek damages relating thereto.

LENGTH OF TRIAL via _5_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 5,000,001.00+

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   FLAAR NO. 984345

DATE  3/11/09