**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:09-60377-CIV-COHN/SELTZER**

WILLIE G. ARRINGTON, an individual, on behalf
of himself and all others similarly situated,

       Plaintiff,

vs.                                                                    **CLASS ACTION**

UNITED AUTO CREDIT CORPORATION,
a California corporation,

       Defendant.

_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

**THIS CAUSE** is before the Court on the Joint Motion of Plaintiff, Willie G. Arrington, on behalf of himself and all others similarly situated, and Defendant, United Auto Credit Corporation, a California corporation, for preliminary approval of the Class Action Settlement Agreement [DE 28]. The Court having been fully advised in the premises of the proposed Class Settlement, makes the following preliminary findings:

A.     Plaintiff and Defendant have entered into a Stipulation of Settlement ("Settlement Agreement"), a copy of which has been filed with the Court [DE 27-1].

B.     The Settlement Agreement has been submitted to the Court for approval pursuant to Rule 23, Federal Rules of Civil Procedure.

C.     The parties have stipulated to certification of a settlement class pursuant to Rule 23, Federal Rules of Civil Procedure, as all persons who (a) financed through United Auto the purchase of a motor vehicle, which was a "consumer good;" (b) which was repossessed during the period from June

12, 2008 to September 2, 2009 ("Applicable Time Period"); (c) who were sent repossession notices in the form or substantially the same form as Exhibit "B" attached to the Complaint herein and (d) who have not been discharged in bankruptcy or made a payment agreement with United Auto subsequent to the repossession of the motor vehicle ("Settlement Class").

D.    That United Auto represents and warrants that the Settlement Class consists of Three Hundred and Seventy Four (374) persons, whose names and account information are set forth in Exhibit "A" attached to the Settlement Agreement ("Class List").

E.    That pursuant to the Settlement Agreement, the parties have agreed to the following:

(a)  Entry of Consent Decree by United Auto - At the time of final approval, the parties shall request the Court to enter a consent decree permanently enjoining United Auto from using in the future the same or substantially the same Notice of Deficiency in connection with the enforcement of a security interest in any consumer goods.

(b)  Account Credit - United Auto shall credit the sum of Two Thousand Five Hundred Dollars ($2,500) to the account balance of each class member as and for statutory damages.  For purposes of the settlement, the term "account balance" shall mean the charged-off amount of the purported debt of the class member as set forth under column "CO-Amt" in the Class List.  In the event a class member's account balance is reduced

to "zero," United Auto shall not be required to make any monetary payment to said class member.

(c)   Interest Non-Accrual - United Auto shall agree to waive the accrual of any additional interest, late charges or other fees on the respective accounts of the class members for a period of twenty-four months from the date of final approval of the settlement by the Court.  After the expiration of said time period, interest at the statutory rate shall accrue from the date starting twenty-four months from the date of final approval of the settlement by the Court.

F.      That the Settlement Agreement provides for fair, reasonable and adequate benefits to the Settlement Class.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Settlement Agreement is preliminarily approved.

2.      The Court hereby certifies a class of persons as described in the Settlement Agreement and in Paragraph C above for settlement purposes only.

3.      Mr. Arrington is hereby appointed Class Representative for the Settlement Class.

4.      The Law Office of Robert W. Murphy, Esquire is hereby appointed Class Counsel.

5.      The Settlement Agreement and Class Notice are hereby approved and adopted by this Court. The parties are ordered and directed to comply with the terms and provisions thereof.  A copy of the Class Notice is attached to this Order as Exhibit "1."

6.     The names and last known addresses of all class members shall be provided by Defendant to Plaintiff by February 8, 2010.

7.     All opt-outs from, motions to intervene in, and objections to the proposed class action settlement shall be made on or before May 3, 2010.

8.     The Final Fairness Hearing will be conducted before the Honorable Judge James I. Cohn, U.S. District Court for the Southern District of Florida, 299 East Broward Boulevard, Fort Lauderdale, Florida, in Courtroom #203E on June 11, 2010 at 9:30 a.m.

9.     All class members who do not timely exclude themselves from the class are hereby enjoined from filing or commencing any lawsuit in any jurisdiction based on or seeking relief for released claims as defined in the Stipulation of Settlement.

    **DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this 6th day of January, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: Counsel of Record

4

# EXHIBIT "1"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:09-60377-CIV-COHN/SELTZER

WILLIE G. ARRINGTON, an individual, on behalf
of himself and all others similarly situated,

       Plaintiff,

vs.                                    **CLASS ACTION**

UNITED AUTO CREDIT CORPORATION,
a California corporation,

       Defendant.

_____/

### NOTICE OF CLASS ACTION SETTLEMENT, SETTLEMENT HEARING AND RIGHT TO APPEAR

THIS IS TO NOTIFY YOU THAT YOU MAY RECEIVE BENEFITS UNDER THE

TERMS OF A PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT, IF YOU

PARTICIPATE AS A MEMBER OF THE SETTLEMENT CLASS.

This Notice explains:

A.    The lawsuit.

B.    The settlement.

C.    Your right to participate, exclude yourself from the settlement, or to object to the
settlement.

D.    Further court proceedings.

E.    Additional information.

## A.   THE LAWSUIT

A class action lawsuit was filed by Plaintiff, Willie G. Arrington ("Mr. Arrington"),

against Defendant, United Auto Credit Corporation ("United Auto"), for alleged violations of

Florida law concerning the repossession of automobiles under Article IX, Part VI, of the Uniform

Commercial Code ("UCC"), Florida Statute §679.616, and the Florida Consumer Collection

Practices Act, Florida Statute §559.55, *et sequi* ("FCCPA"). In his Complaint, Mr. Arrington

alleged that United Auto failed to provide to Mr. Arrington and other members of the class a

sufficient, statutorily mandated notice of deficiency subsequent to the repossession sale of

repossessed vehicles as required by the UCC.  As a result, Mr. Arrington sought statutory

damages of $500.00 for each class member.

Additionally, Mr. Arrington alleged that United Auto failed to comply with the

requirements of Florida Statutes §516.31(3), known more commonly as the "Florida Anti-

Deficiency Statute."  Mr. Arrington contended that United Auto failed to determine the

deficiency of repossessed automobiles based on the fair market value of the collateral, i.e., the

repossessed vehicle, in a manner which complied with the Florida Anti-Deficiency Statute.

Rather, Mr. Arrington contended that United Auto calculated the deficiencies based on the

amount of the alleged debt owed by the consumer, together with any authorized charges and

expenses, less the proceeds from the sale of the repossessed vehicle.  Under the FCCPA claim,

Mr. Arrington sought statutory damages of $1,000.00 for each member of the class for an

aggregate class recovery of the lessor of $500,000.00 or 1% of the net worth of United Auto.

On _____, 2010, the Court certified a class defined as:

(a) financed through United Auto the purchase of a motor vehicle, which was a
"consumer good;" (b) which was repossessed during the period from June 12,
2008 to September 2, 2009 ("Applicable Time Period"); (c) who were sent post-

repossession notices in the form or substantially the same form as Exhibit "B" attached to the Complaint herein and (d) who have not been discharged in bankruptcy or made a payment agreement with United Auto subsequent to the repossession of the motor vehicle ("Settlement Class").

United Auto represents and warrants that the Settlement Class consists of Three Hundred and Seventy Four (374) persons.

The Court has made the following rulings: (1) this case shall proceed as a class action; (2) the Class Action Settlement Agreement is preliminarily approved; (3) that this notice is to be sent to all members of the Settlement Class; (4) that the Settlement Class through this notice shall be advised of the right to opt-out of or object to this settlement; and (5) that you will be bound by its terms and conditions if you do not opt-out.

## B.  THE SETTLEMENT

### 1.  General

Class Representative Plaintiff, Willie G. Arrington, and Defendant, United Auto Credit Corporation, have agreed to settle this case as outlined below. Defendant denies the allegations set forth in the Complaint, and this settlement is not an admission of liability or wrongdoing by Defendant. Nevertheless, Defendant is willing to enter into a settlement to avoid the further expense and inconvenience of litigation.

### 2.  Benefits to Class Members

1.     Consent Decree by United Auto -  At the time of  final approval, the parties shall request the Court enter a consent decree permanently enjoining United Auto from using in the future the same or substantially same Notice of Deficiency as provided to Mr. Arrington in connection with the enforcement of a security interest in any consumer goods.

2.     <u>Economic Benefits to Class</u>

*Account Credit* - United Auto shall credit the sum of Two Thousand Five Hundred Dollars ($2,500) to the account balance of each class member as and for statutory damages under the UCC and the FCCPA. For purposes of this settlement, the term "account balance" shall mean the charged-off amount of the purported debt of the class member as set forth under column "CO_ _Amt" in the Class List. In the event a class member's account is reduced to "zero," United Auto shall not be required to make any monetary payment to said class member.

*Interest Non-Accrual* -   United Auto agrees to waive the accrual of any additional interest, late charges or other fees on the respective accounts of the class members for a period of twenty-four months from the date of final approval of the settlement by the Court. After the expiration of said twenty-four month time period, interest at the applicable statutory rate shall accrue from the date starting twenty-four months from the date of final approval of the settlement by the Court.

**Limited Release:**

The members of the Settlement Class that do not exclude themselves will fully, finally and forever release any and all individual claims, causes of action, damages and rights against United Auto for all claims brought in this Action as set forth in the Complaint.  Under no circumstances shall the release extend to or include claims for personal injuries or claims for actual damage that are not claimed in this Action.

**Other Parts of the Settlement:**

United Auto shall pay the sum of Five Thousand Dollars ($5,000) as and for an incentive award to the Class Representative and shall further waive any right to collect a deficiency from Mr. Arrington.

United Auto shall pay the sum of Fifty Thousand Dollars ($50,000) in reasonable attorney's fees and costs to counsel for the class.

## C.   **YOUR RIGHTS**

**How to Opt-Out of, Intervene in, or Object to Class Action Settlement:**

Any Class Member may be excluded from the Class by filing with the Court and serving by U.S. Mail on both counsel for United Auto and the Class Representative a written request for exclusion, which contains the Class Member's name, current address, the name and caption of this Action and signature. The written request for exclusion must be served and filed no later than _____, 2010 to be effective. Any Class Member who does not timely file an effective written request for exclusion in accordance with this Settlement Agreement shall be bound by all proceedings, orders and judgments in the Action, including the Final Judgment, even if such Class Member has pending, or subsequently initiates, litigation against United Auto or any other Released Person relating to the Released Claims. A Class Member who timely chooses to be excluded from the Class will be excluded from the Class and therefore will be excluded from participation in the Settlement and, accordingly, will not be entitled to receive the Settlement Benefits for the Class.

Any Class Member that does not submit a written request for exclusion may, if desired, object to the Settlement by filing with the Court and serving by U.S. Mail on counsel for United Auto and the Class Representative a written objection containing the Class Member's name, current address, the name of this Action, and the specific reason(s), if any, for objecting. The written objection must be filed with the Court and served on counsel no later than _____, 2010. Any Class Member who has timely filed and served a written objection to the Settlement and wishes to speak at the Approval Hearing either personally or through counsel shall first

comply with the requirements of the Stipulation of Settlement. Any Class Member who fails to

comply shall waive and forfeit any and all rights he or she may have to appear separately and/or

to object, and shall be bound by all the terms of this Settlement Agreement and by all

proceedings, orders and judgments in the Action.

D.      **FURTHER COURT PROCEEDINGS**

A **Final Fairness Hearing will be held before the Honorable James I. Cohn on**

**_____, 2010 at _____ A.M./P.M. in Courtroom _____, U.S.**

**District Court for the Southern District of Florida, 299 East Broward Boulevard, Fort**

**Lauderdale, Florida 33301.** At the hearing, the Judge will decide whether the proposed

settlement is lawful, reasonable, adequate and fair. If the Judge approves it, the settlement will be

completed the class benefits applied as stated herein. You may ask to speak at this hearing only

if you timely submit an objection as described above and you have not excluded yourself from

the class.

E.      **ADDITIONAL INFORMATION**

If you would like more information about this notice of this litigation, you

may contact class counsel at:

                Robert W. Murphy, Esquire
                1212 S.E. 2nd Avenue
                Ft. Lauderdale, Florida 33316
                (954) 763-8660

The court papers filed in this case are available for inspection in the Office of the Clerk,

U.S. District Court for the Southern District of Florida, 299 East Broward Boulevard, Fort

Lauderdale, Florida 33301. All papers filed by any class member must be sent to the office of

the Clerk at the same address with copies to Class Counsel as well as the attorney for United

Auto, John R. Hargrove, Esquire, Hargrove, Pierson & Brown, P.A., 21 SE 5th Street, Suite 200, Boca Raton, FL 33432.

**Please do not contact the Judge or Clerk of the Court. They will not be able to give you advice about this case.**