UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:09-60377-CIV-COHN/SELTZER

WILLIE G. ARRINGTON, an individual, on behalf
of himself and all others similarly situated,

        Plaintiff,

vs.                                  **CLASS ACTION**

UNITED AUTO CREDIT CORPORATION,
a California corporation,

        Defendant.
_____/

## FINAL JUDGMENT

THIS CAUSE came before the Court on Friday, June 11, 2010, on the Motion for Final Approval of Settlement Agreement between Class Representative, Willie G. Arrington, on behalf of himself and all others similarly situated, and Defendant, United Auto Credit Corporation, a California corporation. Based on the record, the evidence and argument presented, the Court makes the following findings concerning the fairness, reasonableness and adequacy of the Class Settlement:

A.    On or about December 21, 2009, after extensive mediation and settlement discussions, the respective parties entered into a Class Action Settlement Agreement ("Settlement Agreement"), attached to the Motion for Preliminary Approval as Exhibit "A".

B.    Upon the review of the record and for the reasons set forth below, this Court hereby gives its final approval of the Settlement Agreement and finds that the Settlement to be fair, reasonable and adequate.

C.    The Court finds that the Class Members are receiving fair, reasonable and

adequate Settlement Benefits pursuant to the Settlement Agreement in this action. As set forth in ¶IIA1 of the Settlement Agreement, the Settlement Benefits included:

1. *Consent Decree by United Auto* - At the time of final approval, the parties shall request the Court enter a decree permanently enjoining United Auto from using in the future the same or substantially same Notice of Deficiency as provided to Mr. Arrington in connection with the enforcement of a security interest in any consumer goods [Settlement Agreement ¶IIIA1].

2. *Account Credit* - United Auto shall credit the sum of Two Thousand Five Hundred Dollars ($2,500) to the account balance of each class member as and for statutory damages under the UCC and the FCCPA. For purposes of the settlement, the term "account balance" shall mean the charged-off amount of the purported debt of the class member as set forth under column "CO___Amt" in the Class List. In the event a class member's account is reduced to "zero", United Auto shall not be required to make any monetary payment to said class member [Settlement Agreement ¶IIIA2a].

3. *Interest Non-Accrual* - United Auto agrees to waive the accrual of any additional interest, late charges or other fees on the respective accounts of the class members for a period of twenty-four months from the date of final approval of the settlement by the Court. After the expiration of said twenty-four month time period, interest at the applicable statutory rate shall accrue from the date starting twenty-four months from the date of final approval of the settlement by the Court [Settlement Agreement ¶IIIA2b].

D. In its Order of Preliminary Approval, the Court preliminarily approved the Class Notice, and found that the proposed form and content of the Class Notice satisfied the

requirements of due process, Rule 23, Federal Rules of Civil Procedure. The Court reaffirms that finding and holds that the best practical notice was given to Class Members.

E.  Class Counsel timely caused the Class Notice to be mailed by first-class mail, Postage prepaid, to each of the Class Members at their last known updated address. The Class Notice advised the Class Members of, among other things, the allegations of the Complaint, the terms of the proposed settlement, the requirements for exclusion from the settlement or objection to the proposed settlement, and the scheduled approval hearing. The Class Notice further identified Class Counsel and set forth that Class Counsel was seeking an award of attorney's fees and expense and that said attorney's fees and expense would be deducted from the Class Fund. The Class Notice also set forth in full the claims released as part of the Settlement and advised such persons to read the notice carefully because it would affect their rights, if they failed to exclude themselves from the Settlement.

F.  No Class Members have requested to be excluded or have objected to the proposed Settlement.

G.  The Court finds that the Class Members were given an opportunity to opt out and were adequately represented by Plaintiff and Class Counsel.

H.  The Court must determine whether the proposed Settlement is "fair, adequate and reasonable and that it is not the product of collusion" between the parties. See, e.g., Barnhill v. Florida Microsoft Antitrust Litigation, 905 So.2d 195 (Fla. 3rd DCA 2005); Cotton v. Hinton, 559 F.2d 136 (5th Cir. 1977); Leverso v. South Trust Bank of Alabama, National Association, 18 F. 3d 1527, 1530 (11th Cir. 1994); Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984). In making this determination, the Court considers six factors:

(a)  The likelihood that plaintiffs would prevail at trial;

(b)     The range of possible recovery if plaintiffs prevailed at trial;

(c)     The fairness of settlement compared to the range of possible recovery, discounted for the risk associated with litigation;

(d)     The complexity, expense and duration of the litigation;

(e)     The substance and amount of opposition to the settlement; and

(f)     The stage of the proceedings at which the settlement was achieved. Bennett, 737 F.2d 986.

I.      In determining the adequacy of the proposed Settlement, the Court need not and does not decide the merits of the case. This Court has considered the submissions of the parties, which demonstrates a degree of uncertainty in Plaintiff prevailing in his claims. The Settlement Benefits set forth in the Settlement Agreement and noted above represent a significant benefit to the Class Members. Given the factual legal obstacles standing in the way of a full recovery if this case were litigated to a conclusion, and the perils of maintaining an action through a final judgment or appeal, this Court finds that the Settlement provides for a reasonable and adequate recovery that is fair to all Class Members. If this case were to proceed without settlement, the resulting litigation would be complex, lengthy and expensive. The Settlement eliminates a substantial risk that the Class Members would walk away empty handed after trial.

J.      Further, the Defendant has defended this action vigorously and has indicated that it would continue to do so, absent settlement. Because of resulting motion practice, trial and appeals, it could be a lengthy period before the Class Members would see any recovery even if they were to prevail on the merits, which would not produce a better recovery than they may have achieved in this Settlement.

K.      The parties negotiated the Settlement after a thorough review and analysis of the legal

issues involved. The facts demonstrate that the Plaintiff was sufficiently informed to negotiate, execute and recommend approval of the Settlement. See, eg., Davies v. Continental Bank, 122 F.R.D. 475, 479-80 (ED Pa.1996).

L.  This Court may also consider the opinions of the participants, including Class Counsel. Parker v. Anderson, 667 F. 2d 1204, 1209 (5th Cir. 1984), cert. denied, 459 U.S. 828 (1985). Class Counsel has considerable experience in the prosecution of large and complex consumer class actions. Counsel for the Defendant is likewise experienced. This Court gives credence to the opinion of counsel, amply supported by the court=s independent review, that this settlement is a beneficial resolution of the class action claims.

M.  In addition to finding that the terms of the proposed settlement are fair, reasonable and adequate, the Court must determine there is no fraud or collusion between the parties or their counsel negotiating the settlement terms. Bennett, 737 F.2d 986; Miller v. Republic National Life Insurance Company, 559 F.2d 426, 428-29 (5th Cir. 1977). In this case, there is no suggestion of fraud or collusion between the parties. Furthermore, the terms of the Settlement make it clear that the process by which the settlement was achieved was fair. Miller, 559 F.2d at 429.

N.  Due to the efforts of Class Counsel, a class action consisting of 374 members has been certified for compensatory damages and equitable relief. The Settlement Agreement negotiated by Class Counsel provides for the partial waiver of deficiencies against the Class Members in excess of $935,000 in principal and interest.

O.  The relief to the Class has significant value, both with respect to monetary compensation to the Class and other non-monetary benefits.

P.  The terms of the Settlement Agreement, including all exhibits thereto, are fully and

finally approved as fair, reasonable and adequate as to, and in the best interest of, the Class Representative Plaintiff and the Class Members.

Q. The parties through the Settlement Agreement agreed that United Auto Credit Corporation shall pay the sum of Forty Seven Thousand Dollars ($47,000) as and for reasonable attorney fees, and Three Thousand Dollars ($3,000) for court costs to Class Counsel (hereinafter "Attorney's Fees and Costs Award"). Based on the submissions of Class Counsel, the stipulated Attorney's Fees and Costs Award to Class Counsel is fair and reasonable compensation to Class Counsel in accordance with the holding of the Florida Supreme Court in Kuhnlein v. Department of Revenue, 662 So.2d 309 (Fla. 1995); and Florida Patients Compensation Fund v. Roe, 472 So.2d 1145 (Fla. 1987), the criteria set forth under Rule 4-1.5, Rules of Professional Conduct, Rules Regulating the Florida Bar, and the guideposts of the Eleventh Circuit Court of Appeals. Johnson v. Georgia Highway Express, 488 F.2d 715 (5th Cir. 1974); Finch v. City of Vernon, 877 F.2d 1497 (11th Cir. 1989).

R. The parties through the Settlement Agreement agreed that the Representative Plaintiff would receive an incentive award of Five Thousand Dollars ($5,000.00) ("Class Incentive Award") for his efforts in obtaining the above described benefits to the Class. The Court finds that the Class Incentive Award is reasonable and appropriate in light of the results obtained.

Based on the foregoing, it is ORDERED AND ADJUDGED:

1. The Settlement and the Settlement Agreement are hereby approved and adopted as if an Order of this Court. The parties are ordered and directed to comply with the terms and provisions thereof and to implement the settlement according to its terms and conditions.

2. Defendant United Auto shall send, within 90 days of this Final Judgment, a post-settlement notice to all class members at their last known addresses informing them that this Final Judgment has been entered, that the settlement has been approved, and confirming that the credits have been applied, as shown in the approved form entitled "Explanation of Calculation of Surplus or Deficiency" attached hereto as Exhibit A.

3. The Limited Release and Waiver, which is included in Section VI of the Settlement Agreement, is expressly incorporated herein in all respects, is effective as of the date of this Final Judgment, and forever discharges the Releasees from any and all claims and liabilities within the scope of the Limited Release and Waiver as set forth therein.

4. Without limiting any term of the Settlement Agreement, including the release of claims as set forth in full in the Settlement Agreement at Section VI, it is hereby ordered and adjudged that the terms of the Settlement Agreement and of this Final Judgment shall forever be binding upon the Class Representative and any and all other Class Members, as well as their heirs, executors, administrators, successors and assigns and all other class members, and shall have *res judicata* and preclusive effect, in any and all pending and future claims, lawsuits, arbitrations, or other proceedings maintained by or on behalf of any such persons, in accordance with the Settlement Agreement.

5. In accordance with the Settlement Agreement, within ten (10) days from the date hereof, United Auto Credit Corporation shall remit the Attorney's Fees and Costs Award and the Class Incentive Award as provided for therein.

6. This action is hereby dismissed with prejudice, with the Court expressly retaining jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the

Settlement and of this Final Judgment, and for any other necessary purpose, without affecting the finality of this Final Judgment.

DONE AND ORDERED in Chambers in Fort Lauderdale, Broward County, Florida this 14th day of June, 2010.

*[signature]*

JAMES I. COHN
U.S. DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Copies furnished counsel

United Auto Credit Corporation
Branch Street Address
City, State, ZIP

### Explanation of Calculation of Surplus or Deficiency

Date:

Customer Name
Customer Street Address
City, State, ZIP

   Re: Account No.: Account Number
      Retail Installment Sale or Credit Sale Contract dated   Contract Date   ("Agreement")
      Year, Make & Model of Collateral   VIN   VIN   ("Vehicle")

Dear Name :

Please be advised that we disposed of the Vehicle on  Sale Date . The proceeds of the sale have been applied as explained below. If you financed a premium for credit insurance under your Agreement, you may be entitled to a refund of any unearned portion of the premium.

| #   | Description | | | |
|-----|-------------|---|---|---|
| 1.  | Unpaid Principal Balance of Agreement as of  Date | $ | | |
| 2.  | Accrued Unpaid Interest of  Date  if any | + $ | | |
| 3.  | Accrued and unpaid late fees | + $ | | |
| 4.  | Net balance due (1 plus 2 plus 3) | | | = $ |
| 5.  | Gross proceeds from the sale of the Vehicle | | | - $ |
| 6.  | Subtotal after deducting proceeds of sale (4 minus 5) | | | = $ |
| 7.  | Costs of retaking the Vehicle | $ | | |
| 8.  | Costs of storing the Vehicle | + $ | | |
| 9.  | Costs of preparing the Vehicle for sale | + $ | | |
| 10. | Costs of selling the Vehicle | + $ | | |
| 11. | Attorneys' fees and court costs | + $ | | |
| 12. | Other Costs: _Describe_ | + $ | | |
| 13. | Total Costs (7 through 12) | = | | $ |
| 14. | Credit: Rebate of unearned insurance premiums | $ | | |
| 15. | Credit: Deficiency Reduction per terms of Class Action Settlement | + $ | 2,500.00 | |
| 16. | Credit: _Describe_ | + $ | | |
| 17. | Total Credits (14 through 16) | = $ | | $ |
| 18. | Balance due/surplus after sale (6 plus or minus 13, plus or minus 17) | | | = $ |

(The checked box applies to you).
☐ Deficiency balance for which you are liable and for which demand* is hereby made $   .**
☐ Surplus balance remitted to you herewith $   .**
☐ Surplus balance paid to a subordinate party $   .
☐ Account is deemed paid in full.

** Future debits, credits, charges, finance charges or interest, rebates or other expenses may affect this amount. However, pursuant to the class action settlement, no interest will accrue on any deficiency balance for a period of 24 months from the final approval date of   , and after that date, interest will accrue at the applicable statutory interest rate as set by Florida Statute § 55.03.

If you need more information about the transaction call us at  Branch Telephone Number , or write us at  Branch Mailing Address .

Sincerely,

Name
Title

We may report Information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

* NOTICE: This is an attempt to collect a debt and any information obtained will be used for that purpose. If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

UACC Form 395 – FLCA 6/10



EXHIBIT A